IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JALAL W. PARKER,

    Petitioner,

v.                                                                 Civil Action No. 3:15CV242

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Jalal W. Parker, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 3) challenging his conviction in the Circuit Court of Henrico County, Virginia (hereinafter, "Circuit Court"). In his § 2254 Petition, Parker argues entitlement to relief based upon the following claims, stated here in sum:

| | |
|---|---|
| Claim One: | "Insufficient evidence to convict Petitioner of abduction charge . . . there was no evidence of verbal or physical threats. The charge of 'abduction' requires proof of such 'force.'" (§ 2254 Pet. 6.)[1] |
| Claim Two: | "Commonwealth violated Petitioner's due process rights because of insufficient evidence of his intent to defile. To convict Petitioner of [section] 18-48.2, the Commonwealth needed to prove the Petitioner had [the] intent to commit the crime charge[d] under Virginia Code 1950. The Commonwealth[']s evidence points to 'Bradley Ellis,' not the Petitioner." (*Id.* at 8.) |
| Claim Three: | "'Prosecutorial Misconduct.' Commonwealth committed 'Prosecutorial Misconduct' and Perjury by arguing at trial that the verdict isn't a[n] inconsistent verdict and also 'stated' throughout the brief to [the] Virginia Court of Appeals VA [and the] Supreme Court that the issue is a[n] inconsistent verdict." (*Id.* at 9.) |
| Claim Four: | "Ineffective counsel. Trial attorney [(a)] withheld a witness/and [(b)] a written letter from Commonwealth[']s star witness. Attorney 'John F. McGarvey' withheld evidence from the Petitioner and the jury and, if [the] |

---

[1] The Court corrects the punctuation, spelling, and capitalization in Parker's submissions.

> attorney would have used the evidence, the Petitioner wouldn't be in prison, [be]cause the jury would have known Bradley Ellis was completely lying." (*Id.* at 11.)

In an attachment to his original, unsigned § 2254 petition, Parker also raised two additional "Assignments of Error" that are claims of ineffective assistance of counsel. (*See* ECF No. 1-1.) This document appears to incorporate nearly verbatim the claims and argument from his counseled petition for appeal of the denial of his habeas petition filed in the Supreme Court of Virginia. Despite the Court's warning that he must raise all claims for relief on the § 2254 Petition form that the Court sent him in order to obtain his signature, Parker failed to list these claims on the form. Nevertheless, the Court construes this document to raise one additional claim:[2]

> Claim Five: "Counsel failed to consult with Petitioner regarding his appeal." (ECF No. 1-1, at 9.)

Respondent moves to dismiss on the grounds that Parker's claims lack merit and are, in part, procedurally defaulted. Parker has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.

## I. PROCEDURAL HISTORY

A grand jury charged Parker with rape, forcible sodomy, abduction with intent to defile, and three counts of use of a firearm in the commission of a felony, second offense. *See* Indictments 1-6, *Commonwealth v. Parker*, Nos. CR11-3801-F through 3806-F (Va. Cir. Ct. Nov. 14, 2011.) A jury found Parker guilty of abduction with intent to defile, but could not reach a verdict on the remaining counts. (*See* ECF No. 12-1, at 1); Verdict Forms 1-6, *Commonwealth*

---

[2] The first "Assignment of Error" argues: "Trial counsel was ineffective for failing to cross-examine Bradley Ellis regarding a letter Ellis purportedly wrote to Tameka Robinson." (ECF No. 1-1, at 9 (citation omitted).) This is the same claim, albeit more eloquently alleged, as Claim Four (b). The Court employs the pagination assigned by the CM/ECF docketing system for citations to this submission.

2

*v. Parker*, Nos. CR11-3801-F through 3806-F (Va. Cir. Ct. Mar. 8, 2012). The Commonwealth subsequently moved to *nolle prosequi* the remaining counts. (*See* ECF No. 12-1, at 1.) The Circuit Court sentenced Parker to an active term of seven years of imprisonment. (*Id.* at 1).

Parker appealed. In his Petition for Appeal, Parker raised the following claim: "Whether the evidence was sufficient to sustain the conviction[] for abduction with intent to defile in view of the fact that he was not convicted of the use of the firearm in that[]offense." Petition for Appeal at 2, *Parker v. Commonwealth*, No. 1151-12-2 (Va. Ct. App. filed Oct. 31, 2012 (emphasis omitted) (capitalization corrected)). The Court of Appeals of Virginia denied the petition for appeal. (ECF No. 12-2, at 1.) A three-judge panel again denied Parker's petition for appeal. *Parker v. Commonwealth*, No. 1151-12-2, at 1 (Va. Ct. App. Mar. 25, 2013). On August 15, 2013, the Supreme Court of Virginia refused Parker's petition for appeal. *Parker v. Commonwealth*, No. 130733, at 1 (Va. Aug. 15, 2013).

Parker then filed a *pro se* petition for a writ of habeas corpus in the Circuit Court, wherein he raised Claims One through Four of the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 1, *Parker v. Clarke*, No. CL14-129 (Va. Cir. Ct. filed Jan. 21, 2014). The Circuit Court denied the petition. (ECF No. 12-7, at 9.) Parker, by counsel, filed an appeal of the Circuit Court's denial of his habeas petition wherein he raised Claim Four (b) and Claim Five. Petition for Appeal at 1, *Parker v. Clarke*, No. 141244 (Va. filed Aug. 20, 2014.) The Supreme Court of Virginia refused the petition for appeal. *Parker v. Clarke*, No. 141244, at 1 (Va. Dec. 15, 2014.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in

3

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides

4

that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Parker failed to fairly present to the Supreme Court of Virginia Claims One, Two, Three, and Four (a) of the instant § 2254 Petition. While Parker challenged the sufficiency of the evidence on direct appeal, he did not argue insufficiency of the evidence because abduction "requires proof of . . . 'force'" and proof that he "had a[n] intent to commit the crime charge[d]." (§ 2254 Pet. 6, 8.)[4] If Parker now attempted to present Claims One, Two, Three, and Four (a) to

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[4] Parker contends he raised Claim One on direct appeal. (*See* § 2254 Pet. 7.) He did not. Instead, he argued: "Whether the evidence was sufficient to sustain the conviction[] for abduction with intent to defile in view of the fact that he was not convicted of the use of the firearm in that[]offense." Petition for Appeal at 2, *Parker v. Commonwealth*, No. 1151-12-2 (Va. Ct. App. filed Oct. 31, 2012 (emphasis omitted)). Parker provides no argument for Claim One except for his vague statement of the claim. (*See* § 2254 Pet. § 6.) While the Court finds that Parker defaulted Claim One, nevertheless, because Parker seemingly believes that he raised

5

the Supreme Court of Virginia by way of habeas corpus, that court would find them procedurally defaulted and time-barred pursuant to section 8.01-654(A)(2)[5] of the Virginia Code. Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *See Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006).[6] Parker advances no basis for excusing his default of Claims One and Three. Accordingly, Claims One and Three will be DISMISSED.[7]

For Claim Two, Parker states that he did not raise this claim on direct appeal because "my counsel didn't raise the issue reason unknown." (§ 2254 Pet. 8.) Thus, the Court construes Parker to argue that appellate counsel is the cause for his default of Claim Two. Nevertheless, as

---

Claim One on direct appeal, out of abundance of caution, the Court discusses the sufficiency of the evidence in Part IV.

[5] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2015).

[6] The Supreme Court of Virginia would also find Claims One, Two, and the portion of Claim Three challenging prosecutorial misconduct at trial barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because Parker could have raised, but failed to raise, such claims on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997).

[7] Parker claims that he did not raise Claim Three, alleging prosecutorial misconduct, on direct appeal, because "Petitioner can only raise issue in habeas corpus." (§ 2254 Pet. 10.) For the portion of the claim challenging actions of the Commonwealth during trial, that is simply not true. Parker is the cause for the default of Claim Three because he never raised it before the Supreme Court of Virginia. For the portion of Claim Three arguing that the Commonwealth engaged in prosecutorial misconduct on direct appeal before the Supreme Court of Virginia, he is correct. Nevertheless, Parker failed to raise this claim before the Supreme Court of Virginia on habeas; thus, he is the cause for the default.

discussed in *infra* Part V.B., appellate counsel fails to serve as cause for the default of Claim Two.

Parker also defaulted Claim Four (a), in which he alleges that his "[t]rial attorney withheld a witness." (§ 2254 Pet. 11.) Parker never raised this claim in state court and offers no reason for his failure to raise this claim. While the Court believes that Claim Four (a) is unexhausted and defaulted, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2011) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the fact that Parker had no counsel at his "initial-review collateral proceeding" may establish cause for the procedural default of Claim Four (a). *Martinez*, 132 S. Ct. at 1320. Because of *Martinez* and the evident lack of merit of the underlying claim, judicial economy dictates that the Court addresses the merits of Claim Four (a). *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

### III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

7

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## IV. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Generously construing Parker's habeas petition, *see supra* n.4, Parker argues that insufficient evidence existed to convict him of abduction with intent to defile because the jury's failure to reach a verdict on the firearm charge precluded it from finding sufficient force for the abduction charge.

The Court of Appeals of Virginia aptly explained the abundant evidence of Parker's guilt:

> So viewed, the evidence indicated that the victim received a phone call to meet Bradley Ellis to have sex in exchange for money. The victim went to Ellis'

apartment, and she spoke with Ellis. A short time later, appellant entered Ellis' apartment. The victim testified that appellant had a firearm, that appellant forced Ellis into a closet, and that appellant forced her into a bedroom. According to the victim, she repeatedly asked to leave, but appellant held the firearm in her face and forced her to remove her pants. The victim testified appellant sexually assaulted her. After appellant finished the sexual assault, he took the battery from the victim's cell phone and he permitted her to leave. A short time later, the victim told a friend about the incident and ultimately the police were contacted.

Ellis testified that appellant put him the closet and attempted to tie his hands. When Ellis emerged from the closet, he saw the victim quickly leaving his apartment and he then saw what he thought was a firearm in appellant's hand. Ellis testified that while appellant was in jail, appellant sent him a letter asking him not to testify. Ellis testified that he received a second letter from appellant asking him not to show up for court.

Detective Erica Parker went to Ellis' apartment on the day of the incident. She spoke to Ellis and to appellant. Appellant denied having any contact with any female that day. After Detective Parker confronted appellant with Ellis' statement, appellant stated that he engaged in consensual oral sex with the victim.

Appellant testified that the victim started to engage in oral sex with him, but when he told her that he did not have any money, she left. Appellant denied possessing a firearm, denied forcing the victim into the bedroom, and denied putting Ellis in the closet.

(ECF No. 12-2, 2-3.) In finding sufficient evidence to convict Parker, the Court of Appeals of Virginia explained:

> A jury convicted appellant of abduction with the intent to defile in violation of Code § 18.2-48, and on appeal appellant argues that the evidence was insufficient to convict him of abduction because the jury failed to convict him of the ancillary charge of the use of a firearm in the commission of the abduction.[]
>
>> "Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense." Despite the apparent inconsistency of a verdict, courts may uphold inconsistent verdicts, provided that the evidence supports the verdict challenged on appeal.
>
> *Kovalaske v. Commonwealth*, 56 Va. App. 224, 233, 692 S.E.2d 641, 646 (2010) (quoting *Pugliese v. Commonwealth*, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993)) (citation omitted).
>
>> Code § 18.2-48 states in relevant part, "[a]bduction . . . of any person with intent to defile such person . . . shall be a Class 2 felony." The crime incorporates the charge of abduction under

9

> Code § 18.2-47(A), which states: "Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be guilty of 'abduction.'"
>
> *Crawford v. Commonwealth*, 281 Va. 84, 102, 704 S.E.2d 107, 118 (2011).
>
> . . . .
>
> The victim testified that appellant was armed with a weapon, forced her into the bedroom, and would not permit her to leave until after the sexual assault. The victim's testimony alone was sufficient to support a conviction for abduction with the intent to defile. While the jury was unable to reach a verdict on the charge of use of a firearm in the commission of the abduction, it did reach a verdict for the abduction charge. The evidence was sufficient to support the abduction conviction, and the fact that the jury was unable to reach a verdict on the firearm charge is of no consequence to the abduction verdict. Accordingly, the trial court did not err in denying appellant's motion to set aside the jury's verdict.

(ECF No. 12-2, at 1, 3.)

To the extent that Parker contends that the Circuit Court erred for not setting aside his conviction for abduction when the jury could not reach a verdict on the firearm charge, he fails to state a claim cognizable on federal habeas. Inconsistent verdicts fail to provide a basis for federal habeas relief. *See Hess v. Medlock*, 820 F.2d 1368, 1374–75 (4th Cir.1987) (citing *United States v. Powell*, 469 U.S. 57, 66 (1984)); *Cortis v. Kenney*, 995 F.2d 838, 841 (8th Cir. 1993) ("Although 'symmetry of results may be intellectually satisfying,' it is not constitutionally required." (quoting *Standefer v. United States*, 47 U.S. 10, 25 (1980))).

To the extent Parker truly challenges the sufficiency of the evidence of his guilt of abduction with intent to defile, compelling evidence existed of his guilt. Parker provides no argument in support of Claim One. Instead, he simply states, "there was no evidence of verbal or physical threats." (§ 2254 Pet. 6.) To the contrary, the victim testified that Parker forced her into a bedroom at gunpoint and would not allow her to leave until after he sexually assaulted her.

10

Thus, after reviewing the evidence "in the light most favorable to the prosecution, [a] rational trier of fact could have found" that Parker employed force and intimidation in his efforts to abduct the victim. *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, any exhausted portion of Claim One will be DISMISSED.

## V. PURPORTED INEFFECTIVE ASSISTANCE

### A. Trial Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Four, Parker claims: "Ineffective counsel. Trial attorney [(a)] withheld a witness/and [(b)] a written letter from Commonwealth['s] star witness. Attorney 'John F. McGarvey' withheld evidence from the Petitioner and the jury and, if attorney would have used the evidence, the Petitioner wouldn't be in prison, [be]cause the jury would have known Bradley Ellis was completely lying." (§ 2254 Pet. 11.) In summarizing and rejecting Parker's Claim Four (b) here, the Circuit Court explained:

11

> In his first assertion of ineffective assistance of counsel, Petitioner complains that counsel did not use an unsigned letter, purportedly from Ellis, in cross-examining Ellis.
>
> This Court finds that Ellis was of limited value to the Commonwealth because he merely corroborated portions of [the victim's] testimony. This Court further finds that counsel cross-examined Ellis at length about his inconsistencies and motive to lie.
>
> The Court finds that there was no deficient performance because the letter was of limited value in discrediting Ellis. This Court finds both that the letter was of questionable provenance and that it could be interpreted as a promise to lie for Petitioner's benefit. Accordingly, because the letter had the potential of being double-edged, the Court finds that whether or not to use it was a matter of trial strategy left to the discretion of counsel. *See Morva v. Warden of the Sussex I State Prison*, 285 Va. 511, 520, 741 S.E.2d 781, 789 (2013).
>
> The Court further finds that there was no *Strickland* prejudice because there was nothing more to be gained by cross-examining Ellis regarding the letter. *See Hash v. Director*, 278 Va. 664, 678, 686 S.E.2d 208, 215 (2009) (no ineffective assistance for failing to cross-examine witness with documents where witness was already impeached). Cross-examination is a matter of trial strategy that cannot be second guessed in a collateral habeas proceeding. *Sallie v. North Carolina*, 587 F.2d 636, 640 (4th Cir. 1978); *Johnson v. Riddle*, 222 Va. 428, 433, 281 S.E.2d 843, 846 (1981). Deciding which questions to ask witnesses is also a matter of trial tactics; "knowing when not to cross-examine an adverse witness is the art of cross-examination at its finest." *United States v. Clayborne*, 509 F.2d 473, 479 (D.C. Cir. 1974); *see also Bunch v. Thompson*, 949 F.2d 1354, 1363-64 (4th Cir. 1991) (habeas court should not second guess an attorney's decision on how best to present a defense).
>
> Accordingly, Claim [Four (b)] . . . is hereby dismissed because Petitioner did not establish either prong of *Strickland*.

(ECF No. 12-7, at 6-7 (paragraph numbering omitted).) As explained below, the Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the rejection of Claim Four (b). *See* 28 U.S.C. § 2254(d)(1)-(2).

The Court assumes that the letter contained in the attachment to Parker's unsigned § 2254 petition is the letter purportedly from Ellis that counsel failed to use to impeach Ellis. (*See* ECF No. 1-1, at 31.) The letter fails to identify the author, the date upon which it was written, and any other information that would give the letter any indicia of reliability. As the Circuit Court aptly explained, the letter also could easily be construed as suggesting that the writer,

12

purportedly Ellis, would lie for Parker.[8] Counsel questioned Ellis about motives that he may have to lie and the inconsistencies in his testimony. (*See* Mar. 8, 2012 Tr. 183-87, ECF No. 12-5.) Parker fails to identify, and the Court fails to discern, how questioning Ellis about this letter would have impeached or otherwise further discredited Ellis's testimony. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory testimony); *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (requiring proffer of mitigating evidence to state a claim of ineffective assistance). Parker also fails to demonstrate how questioning Ellis about this letter would have resulted in Parker's acquittal of the abduction charge. Because Parker demonstrates neither deficiency of counsel nor resulting prejudice, Claim Four (b) will be DISMISSED.

In Claim Four (a), Parker provides in sum, "[t]rial attorney withheld a witness." (§ 2254 Pet. 11.) Parker fails to identify the identity of this witness. Buried in his attachment to his initial, unsigned § 2254 petition, Parker claims that counsel "failed to properly investigate and to properly follow-up with [Tameka D.] Robinson." (ECF No. 1-1, at 19.) The Court assumes that Parker faults counsel for not calling Robinson as a defense witness. Parker contends that Robinson could have "attacked Ellis's credibility." (*Id.* at 20.) Parker attaches an affidavit from Robinson, in which she states that Ellis told her that the victim "[was] lying because she never got any money for coming to his apartment" and that Ellis "was never in any closet and no one ever harmed the girl." (*Id.* at 32.) Finally, Parker contends that counsel "withheld" this

---

[8] For example, it suggests that he is "sorry for coming to court and not responding back to his letters" and "tell him to trust me cuz when its [sic] all said and done he'll be walking out that courtroom." (ECF No. 1-1, at 31.)

13

purportedly "exculpatory evidence for his own personal reasons unannounced to [the] Petitioner himself." (Resp. 2, ECF No. 15.)[9]

First, Parker fails to proffer with specificity exactly what Robinson would have testified to in exculpation. *See Terry*, 366 F.3d at 316; *Bassette*, 915 F.2d at 940-41. He suggests that Robinson could have testified that the victim was "lying;" however, he fails to explain what specifically the victim was "lying" about. Parker also claims that Robinson could have testified that Ellis lied about being forced into the closet and that Ellis told Robinson that no one "harmed the girl." (ECF No. 1-1, at 32.) The Court fails to discern how this alleged testimony would have altered the outcome of Parker's trial. The jury convicted Parker of abduction with intent to defile. The jury could not reach a verdict on the forcible sodomy and rape charges, and these charges were dismissed on the motion of the Commonwealth. To obtain a conviction for abduction with intent to defile, the Commonwealth did not need to prove that the victim was "harmed," just that Parker moved her by threat or force with the intent to sexually assault her. The victim testified that Parker forced her at gunpoint to the bedroom and sexually assaulted her. (Mar. 8, 2012 Tr. 104, 106-112, ECF No. 12-4.) Ellis provided testimony of limited value and testified inconsistently that he "thought" he saw a gun in Parker's hand after the victim left, but then later stated he remembered seeing the gun. (Mar. 8, 2012 Tr. 171,181, ECF Nos. 12-4 and 12-5.) Parker vaguely suggests that "Ellis's testimony was pertinent when it came to showing the alleged intent of Parker." (ECF No. 1-1, at 21.) Parker fails to explain how Robinson's testimony would have impeached Ellis's testimony with respect to Parker's intentions. Parker

---

[9] In his attachment to his unsigned § 2254 petition, Parker categorizes counsel's actions as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1-1, at 25.) *Brady* and its progeny "require[] a court to vacate a conviction and order a new trial if it finds that the prosecution suppressed materially exculpatory evidence." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011). Parker fails to cite to any authority that would extend the *Brady* rule to defense counsel.

14

himself testified that he engaged in sexual activity with the victim. (Mar. 8, 2012 Tr. 219-21, ECF No. 12-5.) The Court fails to discern any prejudice to Parker from counsel's failure to call Robinson as a witness to impeach Ellis.

Moreover, to the extent Parker asked counsel to call Robinson as a defense witness, counsel reasonably refrained from doing so. The jury had already heard testimony from Ellis about how Parker attempted to get Ellis to lie to police and during the trial. (*See* Mar. 8, 2012 Tr. 173-81, ECF Nos. 12-4 and 12-5.) Robinson, clearly another close friend of Parker,[10] would have been extensively questioned by the Commonwealth about her relationship with Parker and any undue influence he may have exerted on her. Additionally, Parker himself testified that the victim lied about Parker hurting her and that Ellis lied about being tied up. (Mar. 8, 2012 Tr. 219-22, ECF No. 12-5.) Counsel reasonably discerned that Robinson's testimony would be of limited value.[11]

Due to counsel's cross-examination of the victim and Ellis, and through the testimony he elicited from Parker, counsel successfully created doubt in the jury's minds about the charges, and the jury could not reach a verdict on the charges of rape, forcible sodomy, and three firearm counts. Parker fails to demonstrate any deficiency of counsel or that, but for counsel's failure to call Robinson as a witness to impeach Ellis, a jury would have found him not guilty of the remaining abduction with intent to defile count. Claim Four (a) will be DISMISSED.

---

[10] Parker's Response attempts to distance himself from Robinson. (Resp. 3, ECF No. 15.) The Court notes that in both the Circuit Court and this Court, Parker attempted to have Robinson appointed as power of attorney for him, revealing that the two are close despite his statements to the contrary.

[11] The Court also notes that Parker had an opportunity on the morning of the trial to inform the Circuit Court of his desire to have Robinson testify despite counsel's failure to summons her. The Court asked Parker: "Have you provided Mr. McGarvey the names of the witnesses and, if so, are they present at this time, sir?" Parker answered: "Yes, sir, I have." (Mar. 8, 2012 Tr. 12, ECF No. 12-3.)

### B. Appellate Counsel

In Claim Five, Parker faults appellate counsel for failing to consult with Parker about the issues he raised on direct appeal. (ECF No. 1-1, at 9.) Specifically, Parker believes that counsel rendered ineffective assistance for failing to raise "the inconsistent verdicts claim," a challenge to the sufficiency of the evidence, "the insufficiency of the required intent needed to convict of abduction with the intent to defile," and prosecutorial misconduct based on the inconsistent verdicts. (*Id.* at 23.)[12] Parker fails to establish counsel's deficiency or any resulting prejudice.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

---

[12] In his *pro se* habeas petition in the Circuit Court, Parker only proffered that appellate counsel should have raised the inconsistent verdict challenge and that trial counsel deficiently failed to object to the Commonwealth's motion to *nolle prosequi* the five additional charges. The Circuit Court explained that "the inconsistent verdict issue, was in fact raised upon appeal" and that the second proffered claim "was a frivolous issue that counsel was not required to raise . . . ." (ECF No. 12-7, at 9.) The Circuit Court found that Parker failed to satisfy either prong of *Strickland*. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

16

First, appellate counsel raised a challenge to the inconsistency of the verdicts, and the Court of Appeals of Virginia rejected this claim. Any prosecutorial misconduct claim based on the purported inconsistent verdicts would have also been rejected. Thus, Parker demonstrates no deficiency of counsel or any resulting prejudice. Moreover, although a challenge to the sufficiency of the evidence, including Parker's argument that insufficient evidence existed of his intent to defile, was not squarely before the Court of Appeals of Virginia, the court nevertheless explained: "The victim's testimony alone was sufficient to support a conviction for abduction with the intent to defile." (ECF No. 12-2, at 3.) Thus, Parker fails to demonstrate the clear strength of the vague grounds he urges here when compared with the stronger ground pursued by counsel. *See infra* Part IV. Parker establishes no deficiency of counsel. Accordingly, Claim Five will be DISMISSED.

In Claim Two, Parker argues that the "Commonwealth violated Petitioner's due process rights because of insufficient evidence of his intent to defile." (§ 2254 Pet. 8.) Parker faults appellate counsel for the default of this claim because counsel failed to raise the claim on appeal. As just discussed, Parker fails to demonstrate the clear strength of this claim compared with the stronger claims pursued by counsel, and thus, demonstrates no deficiency of appellate counsel or resulting prejudice. Because counsel rendered no ineffective assistance on appeal, counsel fails to serve as the cause for the default of Claim Two. *See Royal v. Netherland*, 4 F. Supp. 2d 540, 551 (1998) (citation omitted) (explaining that "[a]n action or omission by a defendant's lawyer constitutes 'cause' for a procedural default only if it rises to the level of constitutionally ineffective assistance of counsel"). Claim Two is defaulted and will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Parker's Motion to Dismiss (ECF No. 14) will be DENIED because Respondent

timely filed his response. Parker's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[13]

An appropriate Final Order shall issue.

It is so ORDERED.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: January 13, 2016
Richmond, Virginia

---

[13] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Parker fails to meet this standard.